McFarlan v. Morris Canal and Banking Co.

---

HENRY McFARLAN

*v.*

THE MORRIS CANAL AND BANKING COMPANY et al.

The defendants filed a bill to restrain complainant from interfering with the height of a certain dam, whereupon complainant instituted a counter-suit to compel defendants to reduce its height. By a decision, rendered in 1879, in defendants' suit, their claim was upheld, and the complainant relegated to law for redress. On motion to dismiss complainant's suit for non-prosecution—*Held*,

(1) That the suit can not be retained for the purpose of compelling defendants to pay the damages which complainant may hereafter recover at law, in case they refuse to pay such damages, because the bill neither asks for nor is adapted to such relief.

(2) That the claim that the dismissal of complainant's suit ought to be made without the payment of costs, on the ground of the novelty of the decision in the defendants' suit, can not be allowed, that decision having been, in fact, based on a long-established construction of defendants' charter.

Bill for relief. Motion to dismiss bill for want of prosecution.

*Mr. T. N. McCarter*, for the motion.

*Mr. H. C. Pitney, contra.*

THE CHANCELLOR.

The defendants filed their bill to restrain the·complainant from interfering with a dam on the Rockaway river, which they claimed the right to maintain at its then height. The complainant subsequently began this, a counter-suit, in this court, to compel a reduction in the height of the dam. His bill was demurred to, and was afterwards amended. The amended bill was filed December 4th, 1878. The defendants' answer was filed February 3d, 1879. Since that time, no step has been taken in the suit. The defendants now move to dismiss the bill for non-prosecution. The decision of the first-mentioned suit, which was rendered in 1879, established the right of the defendants in this suit to the relief which they sought. *Lehigh Valley R. R. Co.* v. *McFarlan, 4 Stew. Eq. 706.* It was adjudged that the dam was a lawful structure, and that the complainant must seek redress by action. That decision was, of course, fatal to this suit. The motion to dismiss is resisted, however, on the ground that the bill should be retained, to await the result of litigation at law, to establish the complainant's claim to damages from the raising of the dam, to the end that if such damages, when recovered, be not paid, this court may, by means of this suit, aid the complainant by compelling payment.· Not only has the bill no such aspect, but it has, in effect, been, by the before-

mentioned decision, adjudged to be entirely without foundation. It has been decreed that the action of the defendant, of which it complained, was lawful, and that no relief can be granted upon the bill, and that the complainant must look for redress on wholly different grounds, and in another forum. To render the bill available for the purpose suggested, it must not only be remodeled, but recast to such an extent as to make it, to all intents and purposes, a new bill. Neither the necessity for holding it for the purpose suggested, nor the propriety of doing so, is apparent. It is further insisted that if the bill be dismissed, it should, under the circumstances, be without costs. This claim is founded on the proposition that the decision before mentioned was based on a new exposition of the law governing the subject. But, in fact, it was founded not on a new, but on a long-established construction of the charter of the Morris Canal and Banking Company. The bill will be dismissed, with costs.